## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JACQUELINE CEPEDA,

        Plaintiff,

    -against-

THE LEVO LEAGUE, and individually and
jointly, NICHOLAS FLANDERS and
CAROLINE GHOSN,

        Defendants.

Civil Action No.
(ECF Case)

**COMPLAINT**

RECEIVED
APR 14 2014
U.S.D.C. S.D. N.Y.
CASHIERS

**JURY TRIAL DEMANDED**

Plaintiff, by and though Plaintiff's attorney, the Law Office of Laurie E. Morrison, hereby

alleges:

### NATURE OF THE ACTION

1.    This is an employment case about the Levo League and its owners and
supervisors harassing and retaliating against an employee on a regular basis because of the
employee's sex, gender, disability, requests for accommodations and lawful complaints.
Defendants' unlawful abuse included, but was not limited to, not accommodating the employee's
disability/impairment; not giving the employee medical benefits that other non-disabled
employees were provided; and terminating the worker's employment. Defendants further failed
to pay 1.5 times the employee's regular rate of pay for hours worked in excess of 40 hours in a
work week and failed to compensate the employee for hours worked in excess of 40 hours in a
work week.

2.    Plaintiff's claims include, but are not limited to, harassment, hostile work
environment, discrimination, retaliation and wrongful termination of employment based on

1

disability, requests for accommodation, sex, gender and lawful complaints in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended in 2008 ("ADA"); Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, as amended ("Title VII"); the New York State Human Rights Law, N.Y. Exec. Law § 290, *et seq.* ("NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101, *et seq.* (NYCHRL"). Plaintiff's claims further include failure to pay overtime and regular wages and for retaliation against lawful complaints in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* [overtime provisions], and the New York Labor Laws ("N.Y. Lab Law") Art. 19 § 650 *et seq.* [overtime provisions] and N.Y. Lab Law §§ 215, *et seq.* [retaliation].

3.    This action is against Plaintiff's former employers The Levo League, Nicholas Flanders and Caroline Ghosn (collectively, "Defendants").

## PARTIES

4.    Plaintiff, Jacqueline Cepeda, is a natural person who, at all times relevant to this action, resided in New York County, New York.

5.    Defendant The Levo League (hereinafter, "Defendant Company") is a corporate entity with an office located on 833 Broadway, 5th Floor, New York, New York 10003 (hereinafter, Defendants' "New York Office").

6.    Plaintiff worked in Defendants' New York Office.

7.    Defendant Nicholas Flanders (hereinafter, "Defendant Flanders") is a natural person who, upon information and belief, resided in New York County, New York during Plaintiff's employment with Defendants.

8. Defendant Caroline Ghosn (hereinafter, "Defendant Ghosn") is a natural person who, upon information and belief, resided in New York County, New York during Plaintiff's employment with Defendants.

9. At all times relevant to this action, Defendants employed at least fifteen (15) individuals.

10. Upon information and belief, some of Defendants' employees were not recorded on Defendants' payroll records; i.e., they were paid "off the books."

11. At all times relevant to this action, Defendant Company engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203.

12. At all times relevant to this action, upon information and belief, Defendant Company had annual gross operating revenues in excess of $500,000.00.

13. At all times relevant to this action, Defendant Flanders had ultimate authority regarding and/or was responsible for and/or participated in the employment decisions concerning Plaintiff, including disciplinary and hiring and firing decisions.

14. At all times relevant to this action, Defendant Ghosn had ultimate authority regarding and/or was responsible for and/or participated in the employment decisions concerning Plaintiff, including disciplinary and hiring and firing decisions.

15. Plaintiff seeks to hold Defendants liable under various legal doctrines, including without limitation, vicarious liability, strict liability, respondeat superior, aiding and abetting liability and/or other grounds.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the federal claims asserted herein in that they arise out of the laws of the United States. *See* 28 U.S.C. § 1331 [Federal Questions] and 29

U.S.C. § 2617 [Enforcement]. This Court has supplemental jurisdiction over the New York State and common law claims pursuant to 28 U.S.C. § 1367.

17.     Venue lies in the Southern District of New York pursuant to 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

18.     On or around June 26, 2013, Plaintiff filed charges of discrimination and retaliation against Defendant Company based on sex/gender, disability and legally protected complaints (the "Charges") with the Equal Employment Opportunity Commission ("EEOC"), which was dually filed in the New York State Human Rights Division.

19.     Upon request, Plaintiff received a Notice of Right To Sue from the EEOC, dated January 17, 2014.

20.     This action is being brought within 90 days of Plaintiff's receipt of the said Notice of Right to Sue.

21.     Plaintiff has also mailed a copy of this Complaint to the New York City Commission on Human Rights and the New York City Corporation Counsel, in accordance with N.Y.C. Admin. Code § 8-502(c).

22.     Plaintiff has satisfied all of the statutory prerequisites to filing this action with this Court.

23.     Plaintiff seeks an award of appropriate relief.


**RELEVANT FACTS**

24.     Plaintiff, Jacqueline Cepeda, is a Hispanic woman.

25.     Defendant Company provides career resources to clients in New York State.

26.     Defendant Flanders is the Corporate Financial Officer ("CFO") of Defendant Company.

27.     Defendant Ghosn is a co-owner of Defendant Company.

28.     Defendant Company hired Ms. Cepeda on July 5, 2012 to work as an office manager.

29.     Ms. Cepeda maintained a very good performance record during her employment with Defendants.

30.     On January 2, 2013, Ms. Cepeda was involved in a car accident that severely injured her back and neck.

31.     Ms. Cepeda's injuries significantly interfered with her ability to conduct her daily life activities, including walking and lifting objects weighing over 10-15 pounds.

32.     Ms. Cepeda was required to have physical therapy 4-5 days each week from approximately January 2, 2013 to approximately June 2, 2013.

33.     On or around January 3, 2013, Ms. Cepeda asked Defendant Flanders for the accommodation of light office work, meaning that Ms. Cepeda would not have to lift objects weighing over 10-15 pounds.

34.     For example, the accommodation would allow Ms. Cepeda to not have to lift bags of garbage and/or office files weighing more than 10-15 pounds.

35.     Lifting objects weighing over 10-15 pounds could have further exacerbated Ms. Cepeda's disabilities/impairments.

36.      Defendant Flanders said that he would speak with Defendant Ghosn.

37.     Defendant Flanders said that he would "get back to [Ms. Cepeda]."

38.     Defendant Flanders did not "get back to [Ms. Cepeda]."

39.     Ms. Cepeda followed-up with Defendant Flanders approximately one week later.

40.     Defendant Flanders again failed to respond to Ms. Cepeda's accommodation request.

41.     On or around February 9, 2013, Ms. Cepeda followed-up with Amanda Pouchot.

42.     At that time (i.e., on or around February, 2013), Amanda Pouchot was co-owner of Defendant Company.

43.     Ms. Cepeda asked Ms. Pouchot if Defendants would approve her accommodation request.

44.     Ms. Pouchot told Ms. Cepeda that she would get back to her, but Ms. Pouchot also failed to do so.

45.     On or around January 5, 2013 (after Defendants were notified of Ms. Cepeda's car accident), Ms. Cepeda asked Defendant Flanders if she could apply for medical insurance coverage.

46.     Defendant Flanders said that he would ask Defendant Ghosn and respond to Ms. Cepeda.

47.     Defendant Flanders did not respond to Ms. Cepeda.

48.     Defendants also refused to provide Ms. Cepeda with medical insurance coverage.

49.     Defendants offered medical coverage to several of its other employees.

50.     Defendants also did not pay Ms. Cepeda 1.5 times her regular rate of pay for each hour worked over forty (40) hours in a work week.

51.     Ms. Cepeda's job duties were primarily clerical.

52.     Ms. Cepeda's job duties included filing documents; filling out forms per Defendants' instructions; answering telephone calls; basic office duties and maintaining office files.

53.     Ms. Cepeda also completed human resources forms by following Defendants' instructs on how they wanted the forms completed.

54.     Ms. Cepeda did not exercise independent discretion and/or independent judgment in performing her job duties on a daily basis.

55.     Ms. Cepeda did not have authority to make independent decisions on matters that affected Defendant Company as a whole.

56.     Ms. Cepeda did not exercise independent decision-making regarding significant work place matters on a regular basis.

57.     Ms. Cepeda earned $800 per week during her employment with Defendants.

58.     Ms. Cepeda's regular work day consisted of working from 8:30a.m. to 4pm in Defendants' New York Office.

59.     Ms. Cepeda's regular work day also consisted of working remotely from 7p.m. to 10p.m. from Ms. Cepeda's home.

60.     The hours that Ms. Cepeda worked from home were called "Virtual Hours."

61.     Defendants required that Ms. Cepeda work Virtual Hours in addition to working hours in Defendants' New York Office.

62.     Ms. Cepeda regularly worked over 52.5 hours per work week.

63.     Defendants did not pay Ms. Cepeda her regular pay (i.e., $800/week) for hours worked over 40 in a work week.

64. Defendants also did not pay Ms. Cepeda 1.5 times her regular pay for each hour worked over 40 in a work week.

65. Defendants had an established policy of paying employees for accrued, but unused vacation days.

66. Defendants did not pay Ms. Cepeda for her accrued, but unused vacation time.

67. Defendants did not give Ms. Cepeda written documents showing the method of payment that she would receive.

68. Defendants did not give Ms. Cepeda written documents showing her classification as an employee who was not exempt from overtime and wage statutes.

69. On or around February 13, 2013, Ms. Cepeda complained to Defendant Flanders that Defendants were refusing to address her accommodation requests.

70. Ms. Cepeda also complained that Defendants were refusing to provide Ms. Cepeda health coverage.

71. Ms. Cepeda further complained that Defendants were violating prevailing wage and hour laws.

72. In response, Defendants attempted to cover-up their willful violations by misclassifying employees as independent contractors.

73. Defendants claimed that Ms. Cepeda was an independent contractor.

74. In reality, Ms. Cepeda was not an independent contractor at any time during her employment with Defendants.

75. Upon information and belief, Defendants were aware that Ms. Cepeda was not an independent contractor at any time during Ms. Cepeda's employment.

76. Defendants terminated Ms. Cepeda's employment on February 15, 2013.

77.     Defendants terminated Ms. Cepeda's employment two days after she had intensified her complaints against Defendants' unlawful discrimination and wage violations.

78.     The day Defendants terminated Ms. Cepeda's employment, Defendant Ghosn told Ms. Cepeda that **she was being replaced by a "male who could lift and empty trash."**

79.     Upon information and belief, Defendants replaced Ms. Cepeda with a non-disabled and/or non-impaired employee.

80.     Upon information and belief, Defendants replaced Ms. Cepeda with a male worker.

81.     Upon information and belief, a non-disabled and/or non-impaired worker performed Ms. Cepeda's work duties after Defendants terminated Ms. Cepeda's employment.

82.     Upon information and belief, a male employee performed Ms. Cepeda's work duties after Defendants terminated Ms. Cepeda's employment.

83.     Ms. Cepeda applied for unemployment insurance benefits with the New York Department of Labor on or around February 20, 2013.

84.     Defendants contested Ms. Cepeda's application for unemployment insurance benefits in March, 2013.

85.     Defendants claimed that Ms. Cepeda had been an independent contractor during her employment with Defendants.

86.     Upon information and belief, Defendants contested Ms. Cepeda's application in further discrimination against her disabilities/impairments and her gender, and in retaliation against her complaints.

87.     The unemployment benefits administrator denied Defendants' claim and granted Ms. Cepeda's application on or around April 2, 2013.

## AS FOR THE FIRST CAUSE OF ACTION
## FOR DISABILITY DISCRIMINATION UNDER THE ADA

88.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

89.     This claim is authorized and instituted pursuant to the provisions of American with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, as amended in 2008 ("ADA"), for relief based upon the unlawful employment practices of the above-named Defendants.

90.     Defendant Company was and is an employer within the meaning of the ADA.

91.     Plaintiff was a qualified individual who performed the essential functions of Plaintiff's job with Defendant Company with or without an accommodation.

92.     Plaintiff had and has a disability/impairment within the meaning of the ADA.

93.     Plaintiff had and has a record of a disability/impairment within the meaning of the ADA.

94.     Defendants regarded Plaintiff as having a disability and/or an impairment within the meaning of the ADA.

95.     Plaintiff requested reasonable accommodations from Defendants.

96.     Defendants harassed and discriminated against Plaintiff based on Plaintiff's disability with misconduct including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

97.     Such harassment and adverse employment actions violated the ADA.

98. Upon information and belief, following Defendants' termination of Plaintiff's employment, Plaintiff was replaced by a non-disabled and/or non-impaired individual.

99. Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the unlawful misconduct.

100. Upon information and belief, Defendants' discrimination was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

101. As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and emotional suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which Plaintiff should be compensated.

102. As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish and lasting embarrassment and humiliation.

103. As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

104. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Company, pursuant to the ADA.

## AS FOR THE SECOND CAUSE OF ACTION
## FOR DISABILITY RETALIATION UNDER THE ADA

105.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

106.    This claim is authorized and instituted pursuant to the provisions of American with Disabilities Act, 42 U.S.C. § 12101, *et seq*., as amended in 2008 ("ADA"), for relief based upon the unlawful employment practices of the above-named Defendants.

107.    Defendants' misconduct violated the ADA.

108.    Plaintiff complained about Defendants' misconduct.

109.    In response to Plaintiff's complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

110.    Upon information and belief, Defendants' retaliation was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

111.    As a result of Defendants' actions, Plaintiff has suffered irreparable injuries, including but not limited to loss of pay, benefits and other economic losses, emotional pain and emotional suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for all of which Plaintiff should be compensated.

112.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and

damage to Plaintiff's good name and reputation, emotional distress, mental anguish and lasting embarrassment and humiliation.

113.   Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, reasonable attorney's fees and compensatory damages from Defendant Company, pursuant to the ADA.


## AS FOR THE THIRD CAUSE OF ACTION
## FOR SEX/GENDER DISCRIMINATION UNDER TITLE VII

114.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115.   This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq*., for relief based upon the unlawful employment practices of the above-named Defendants.

116.   Defendant Company was and is an employer within the meaning of Title VII.

117.   At all times material, Plaintiff was an employee and an individual within the meaning of Title VII.

118.   At all times material, Plaintiff was and is a woman and a member of a protected class within the meaning of Title VII.

119.   At all relevant times, Defendants were aware of Plaintiff's sex and/or gender.

120.   Defendants engaged in unlawful employment practices prohibited by Title VII because of Plaintiff's sex and/or gender with behaviors including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants

further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

121.     Upon information and belief, at all relevant times, Defendant Company was aware of and/or condoned and/or participated in the harassment and abuse against Plaintiff.

122.     Defendants' misconduct was so severe or pervasive that a reasonable person in Plaintiff's position would find that Plaintiff's work environment was intimidating, hostile or abusive.

123.     Plaintiff reasonably believed that Plaintiff's work environment that was intimidating, hostile or abusive as a result of Defendants' conduct.

124.     Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

125.     Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

126.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

127.     As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

128.     As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

129.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

130.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Company under Title VII.


### AS FOR THE FORTH CAUSE OF ACTION
### FOR SEX/GENDER RETALIATION UNDER TITLE VII

131.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

132.     This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendant.

133.     Defendant Company discriminated against Plaintiff in violation of Title VII.

134.     Plaintiff complained about Defendants' discrimination and harassment.

135.    In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

136.    Upon information and belief, each and every Defendant contributed to the harassment, hostile work environment and retaliation, was aware of the harassment, hostile work environment and retaliation against Plaintiff and did nothing to resolve it and/or was complicit in the misconduct.

137.    Upon information and belief, Defendants' discrimination and harassment was intentional, intended to harm Plaintiff, and was done with malice or reckless indifference to Plaintiff's federally protected rights.

138.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, attorneys' fees and costs, emotional pain, emotional suffering, inconvenience and other non-pecuniary losses. Plaintiff has further experienced severe emotional distress.

139.    As a further direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and will continue to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

140. As Defendants' conduct has been willful, reckless, outrageous, intentional and/or malicious, Plaintiff also demands punitive damages in an amount which exceeds the Jurisdictional limits of all Lower Courts.

141. Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

142. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, punitive damages, reasonable attorney's fees and compensatory damages from Defendant Company under Title VII.

## AS AND FOR A FIFTH CAUSE OF ACTION
## FOR UNLAWFUL FAILURE TO PAY OVERTIME COMPENSATION UNDER THE FAIR LABOR STANDARDS ACT

143. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

144. This claim is authorized and instituted pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter, the "FLSA"), and specifically under the provisions of 29 U.S.C. § 207(a)(1), to recover from Defendant Company unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees.

145. The provisions of 29 U.S.C. § 207(a)(1) state:

No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed.

146. At all relevant times, Defendant Company was and is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

147. At all relevant times, Defendant Company has employed and continues to employ workers, including Plaintiff.

148. At all relevant times, upon information and belief, Defendant Company had gross operating revenues in excess of $500,000.00.

149. Plaintiff worked in excess of forty hours per workweek without lawful overtime compensation.

150. Despite the hours worked by Plaintiff, Defendants willfully, in bad faith, and in knowing violation of the FLSA, failed and refused to pay Plaintiff overtime compensation.

151. Upon information and belief, Defendants failed to accurately record, report, and/or preserve records of hours worked by Plaintiff, and Defendants also failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*.

152. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C §§ 216(b) and 255(a), entitling Plaintiff to an award of liquidated damages and such other legal and equitable relief as the Court deems just and proper.

153. Plaintiff further seeks recovery of her attorneys' fees and costs to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**AS FOR THE SIXTH CAUSE OF ACTION**
**FOR DISABILITY DISCRIMINATION UNDER THE NYSHRL**

154. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

155. This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

156. At all relevant times, Defendant Company was and is an employer within the meaning of the NYSHRL.

157. At all relevant times, Defendant Ghosn had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

158. At all relevant times, Defendant Flanders had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYSHRL.

159. At all relevant times, Plaintiff was and is a person and an employee within the meaning of the NYSHRL.

160. At all relevant times, Plaintiff had a disability and/or impairment within the meaning of the NYSHRL.

161. At all relevant times, Plaintiff was regarded having a disability and/or impairment within the meaning of the NYSHRL.

162. Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's disability and/or impairments and Plaintiff's reasonable accommodation requests with misconduct including, but not limited to, not accommodating

Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

163. Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

164. Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of disability/impairment, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

165. Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

166. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

167. Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

168. Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE SEVENTH CAUSE OF ACTION
## FOR DISABILITY RETALIATION UNDER THE NYSHRL

169.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

170.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

171.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

172.     Plaintiff complained about Defendants' unlawful misconduct.

173.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct, including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

174.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

175.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

176.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

177.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to their career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

178.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE EIGHTH CAUSE OF ACTION**
**FOR SEX/GENDER DISCRIMINATION UNDER THE NYSHRL**

179.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

180.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

181.     At all relevant times, Plaintiff was a woman and a member of a protected class within the meaning of the NYSHRL.

182.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL because of Plaintiff's sex and/or gender with misconduct including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

183.     Upon information and belief, each and every Defendant contributed to the discrimination, was aware of the discrimination, did nothing to resolve the discrimination and/or was complicit in the misconduct.

184.     Defendants' conduct, as alleged herein, constitutes unlawful discriminatory practices and unlawful discrimination on the basis of sex and/or gender, as defined by the NYSHRL, by engaging in, causing, perpetrating, committing, authorizing, directing, participating in, aiding, abetting, inciting, compelling and/or coercing the unlawful conduct alleged herein, or attempting to do so, in violation of the NYSHRL.

185.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

186.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

187.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

188.     Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

## AS FOR THE NINTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE NYSHRL

189.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

190.     This Count is brought under the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. L. § 290 et seq., and reference is made to the NYSHRL in its entirety.

191.     Defendants engaged in unlawful employment practices prohibited by the NYSHRL.

192.     Plaintiff complained about Defendants' unlawful misconduct.

193.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff, including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

194.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYSHRL.

195.     Defendants are individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" under the NYSHRL and under the "aiding and abetting" provision of the NYSHRL. See, e,g., NYSHRL § 296(1) and § 296(6).

196.     Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

197.     Plaintiff's damages include financial loss, loss of employment and employment benefits, damage to Plaintiff's career and professional reputation, and severe emotional distress caused by the degrading conduct and loss of employment.

198.    Plaintiff is entitled to recover monetary damages and other damages and relief, including, but not limited to back pay, front pay, and compensatory damages from Defendants under the NYSHRL.

**AS FOR THE TENTH CAUSE OF ACTION**
**FOR DISABILITY DISCRIMINATION UNDER THE NYCHRL**

199.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

200.    This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

201.    At all relevant times, Defendant Company was and is an employer within the meaning of the NYCHRL.

202.    At all relevant times, Defendant Ghosn had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

203.    At all relevant times, Defendant Flanders had the power to carry out personnel decisions and/or to do more than carry out personnel decisions made by others, including the power to hire and fire employees, including Plaintiff, sufficient to be held individually liable for all damages under the NYCHRL.

204.    At all relevant times, Plaintiff was and is a person and an employee within the meaning of the NYCHRL.

205.    At all relevant times, Plaintiff had a disability and/or impairment within the meaning of the NYCHRL.

206. At all relevant times, Plaintiff was regarded having a disability and/or impairment within the meaning of the NYCHRL.

207. Defendants engaged in unlawful employment practices prohibited by the NYCHRL because of Plaintiff's disability and/or impairments and Plaintiff's reasonable accommodation requests with misconduct including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

208. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

209. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

210. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

211. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

212.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

213.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE ELEVENTH CAUSE OF ACTION
## FOR DISABILITY RETALIATION UNDER THE NYCHRL

214.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

215.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

216.     Defendants' misconduct violated the NYCHRL.

217.     Plaintiff complained about Defendants' unlawful misconduct.

218.     In response to Plaintiff's lawful complaints, Defendants retaliated against Plaintiff with misconduct including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

219.     Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

220. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

221. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

222. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

223. As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

224. As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

225. Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

**AS FOR THE TWELFTH CAUSE OF ACTION**
**FOR SEX/GENDER DISCRIMINATION UNDER THE NYCHRL**

226. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

227. This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

228. At all relevant times herein, Plaintiff was and is a woman and a member of a protected class within the meaning of the NYCHRL.

229. Defendants subjected Plaintiff to unlawful discrimination and harassment because of Plaintiff's sex and/or gender with misconduct including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

230. Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

231. Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

232. Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

233.     As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

234.     As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

235.     Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE THIRTEENTH CAUSE OF ACTION
## FOR SEX/GENDER RETALIATION UNDER THE NYCHRL

236.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

237.     This Count is brought under the NYCHRL, N.Y.C. Admin. Code § 8-101 et seq., and reference is made to the NYCHRL in its entirety.

238.     Defendants' conduct violated the NYCHRL.

239.     Plaintiff complained about Defendants' unlawful misconduct.

240.     In response to Plaintiff's complaints, Defendants retaliated against Plaintiff, including, but not limited to, not accommodating Plaintiff's disability/impairment; not giving Plaintiff medical benefits that other non-disabled employees were provided; and terminating Plaintiff's employment. Defendants further failed to pay 1.5 times Plaintiff's regular rate of pay

for hours worked in excess of 40 hours in a work week and failed to compensate Plaintiff for hours worked in excess of 40 hours in a work week.

241.    Defendants' conduct, as alleged herein, constitutes retaliation, as defined by the NYCHRL.

242.    Defendants engaged in, caused, perpetrated, committed, authorized, directed, participated in, aided, abetted, incited, compelled and/or coerced the unlawful conduct alleged herein, or attempted to do so, in violation of the NYCHRL.

243.    Defendants' conduct, as alleged herein, was carried out with malice or reckless disregard for Plaintiff's protected rights to be free from discrimination.

244.    Each and every Defendant is individually and jointly liable for the unlawful conduct herein, including without limitation as an "employer" and "employee" under the NYCHRL and under the "aiding and abetting" provision of the NYCHRL. See, e.g., NYCHRL § 8-107(1) and § 8-107(6).

245.    As a direct and proximate result of Defendants' unlawful and willful conduct, Plaintiff has suffered and continues to suffer injury, with resulting monetary, economic and other damages, including without limitation: (i) lost wages; (ii) lost back pay; (iii) lost benefits; (iv) lost interest; (v) lost pension and retirement earnings; and (vi) attorneys ' fees and costs.

246.    As a further direct and proximate result of each Defendant's unlawful and willful conduct, Plaintiff has suffered and continues to suffer, among other items, impairment and damage to Plaintiff's good name and reputation, emotional distress, mental anguish, emotional pain, emotional suffering, inconvenience and lasting embarrassment and humiliation.

247.    Plaintiff is entitled to recover monetary damages and other damages and relief, including punitive damages, interest, and attorneys' fees and costs from Defendants under the NYCHRL.

## AS FOR THE FORTEENTH CAUSE OF ACTION
### FOR FAILURE TO PAY OVERTIME AND WAGES UNDER THE NEW YORK LABOR LAW

248.    Plaintiff hereby repeats and realleges each allegation contained above with the same force and effect as though fully set forth herein.

249.    This Count is brought under the overtime wage provisions of the New York Labor Law Article 19 § 650 *et seq*., and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 142, and reference is made to the NY Lab Law in its entirety.

250.    At all relevant times, Plaintiff was an employee under the NY Lab Law.

251.    At all relevant times, Defendant Company was an employer within the meaning of the New York Labor Law.

252.    Defendants did not pay Plaintiff's regular pay rate for hours worked over forty (40) in a work week.

253.    Defendants also did not pay overtime wages for hours worked over forty (40) in a work week that Plaintiff was entitled to under the New York Labor Law.

254.    Defendants were aware of their statutory requirement to pay Plaintiff regular and overtime wages.

255.    Defendants willfully failed to pay Plaintiff regular and overtime wages.

256.    By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the New York Labor Law

Article 19 § 650 *et seq*., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. Part 142.

257.    As Defendants' misconduct was also in willful disregard for the NY Lab Law, Plaintiff is entitled to an additional amount as liquidated damages equal to one hundred percent (100%) of the total of such underpayments found to be due under the NY Lab Law, including N.Y. Lab Law § 663.

258.    Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## AS FOR THE FIFTEENTH CAUSE OF ACTION
## FOR RETALITION UNDER THE NEW YORK LABOR LAW

259.    Plaintiff hereby repeats and realleges each allegation contained above with the same force and effect as though fully set forth herein.

260.    This Count is brought under the New York Labor Law, N.Y. Lab Law §§ 215, *et seq*. and 190, *et seq*. ("NY Lab Law"), including § 215(a)(iii), and reference is made to the NY Lab Law in its entirety.

261.    Section 215 of the NY Lab Law states, in relevant part, that an employer shall not:

discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee . . . (i) because such employee has made a complaint to his or her employer . . . N.Y. Lab. Law § 215(a)(iii).

262.    Defendants' misconduct violated the NY Lab Law.

263.    Plaintiff complained about Defendants' misconduct.

264.    In response to Plaintiff's complaints, Defendants retaliated against Plaintiff with misconduct including, but not limited to, terminating Plaintiff's employment.

265.    As Defendants' misconduct was willful disregard for the NY Lab Law, Plaintiff is entitled to an additional amount as liquidated damages equal to one hundred percent (100%) of the total of such underpayments found to be due under the NY Lab Law, including N.Y. Lab Law § 663.

266.    Due to Defendants' violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant her unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

267.    Plaintiff is entitled to compensation for lost wages, together with lost benefits, liquidated damages, costs, all reasonable attorneys' fees, and prejudgment interest under the NY Lab Law § 215.


**JURY DEMAND**

Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.    Declaring that the Defendants engaged in unlawful employment practices prohibited by the American with Disabilities Act, Title VII, the FLSA, the New York Lab. Law, the New York State Human Rights Law, and the New York City Human Rights Law; and that the Defendants discriminated against Plaintiff on the basis of disability, sex and gender.

B.    Declaring that the Defendants intentionally caused Plaintiff to become emotionally distressed;

C.  Awarding damages to Plaintiff, retroactive to the date of Plaintiff's employment termination, for all lost wages and benefits, past and future, back pay and front pay, and liquidated damages, resulting from Defendants' unlawful discrimination, and to otherwise make Plaintiff whole for any losses suffered as a result of such unlawful employment practices;

D.  Awarding Plaintiff compensatory damages for mental and emotional distress, and injury to reputation;

E.  Awarding Plaintiff punitive damages under the ADA, Title VII and the NYCHRL;

F.  Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action under the ADA, Title VII and the NYCHRL;

G.  An award to Plaintiff for liquidated damages under the FLSA and NYLL, in the maximum amount permissible by statute given Defendants' willful conduct;

H.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated:  New York, NY
April 14, 2014

Respectfully submitted,

LAW OFFICE OF LAURIE E.MORRISON

By:
Laurie E. Morrison (LM7943)
30 Broad Street, 35th Floor
New York, New York10004

35

(212) 721-4051 (office)
(646) 651-4821 (fax)
morrison@lemorrisonlaw.com
*Attorney for Plaintiff*

**<u>TO:</u>**

The Levo League
833 Broadway, 5th Floor
NYC, NY 10003

Nicholas Flanders
c/o The Levo League (Defendant's place of business)
833 Broadway, 5th Floor
NYC, NY 10003

Caroline Ghosn
c/o The Levo League (Defendant's place of business)
833 Broadway, 5th Floor
NYC, NY 10003